IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| HYMAN HASKINS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY S. GETTY, ) <br> ) <br> Defendant. ) | Civil Action No.: 1:23-cv-1928-LKG <br><br> Dated: September 25, 2023 |

**MEMORANDUM**

Self-represented plaintiff Hyman Haskins, Jr. filed the above-captioned civil complaint alleging that defendant Jeffrey Getty, a judge in the Circuit Court for Allegany County, Maryland, violated his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. Specifically, Plaintiff alleges that Defendant "unjustly seized Plaintiff's property without a proper warrant or reasonable cause." *Id*. at 2. Also pending are Plaintiff's Motions for Leave to Proceed in Forma Pauperis, ECF Nos. 3 and 8, which shall be granted. After review, the Court finds that the Complaint must be dismissed for the following reasons.

Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this

determination, "[t]he district court need not look beyond the complaint's allegations ... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff's Complaint is devoid of facts and consists only of vague and conclusory accusations, which seem to amount to a disagreement with the outcome of a state court case. Furthermore, the named Defendant is entitled to judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. Therefore, the Complaint must be dismissed for failure to state a claim.

A separate Order follows.

9-22-2023
Date

LYDIA K. GRIGGSBY
United States District Judge

2